[Cite as *State v. Ford*, 2017-Ohio-632.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                     :           CASE NO.   CA2016-07-047

                                            :                    O P I N I O N
- vs -                                                                 2/21/017
                                            :

DAVID D. FORD,                              :

    Defendant-Appellant.                    :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015CR0638


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, David Ford, appeals his 30-year prison sentence imposed by the Clermont County Court of Common Pleas after he pled guilty to rape, felonious assault, and aggravated burglary.

{¶ 2} After being released from a ten-year prison sentence for kidnapping and attempted rape, and while on postrelease control for failure to notify change of address, Ford

broke into the victim's apartment and punched her in the face several times. The victim's nose was broken, and she sustained other facial injuries that were still visible more than a month after the attack. Ford forced the victim to perform fellatio on him, and then engaged in vaginal intercourse with the victim by force and without her consent.

{¶ 3} Ford was charged with several crimes, and eventually pled guilty to rape, felonious assault, and aggravated burglary. The trial court sentenced Ford to 11 years on the rape conviction, eight years for felonious assault, and 11 years for aggravated robbery. The trial court ordered the sentences to run consecutively for an aggregate sentence of 30 years. Ford now appeals the trial court's sentence, raising the following assignment of error.

{¶ 4} THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE PRISON TERMS.

{¶ 5} Ford argues in his assignment of error that the trial court erred in ordering his sentences to be served consecutively.

{¶ 6} We review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) permits an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2)

unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 7} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7.

{¶ 8} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Id.*

{¶ 9}   Although Ford concedes that the trial court made the requisite findings prescribed above, he argues that the trial court's findings were not supported by the record so that his sentence is contrary to law.  In support of his argument, Ford relies upon a report presented to the trial court addressing Ford's mental health issues and inability to cope with mental, physical, and sexual abuse he suffered as a child.  Rather than recommend a prolonged incarceration for Ford, the report recommended mental health services and medication.

{¶ 10}   However, the record is clear that the trial court properly considered the entire record while balancing the factors set forth in R.C. 2929.11 and R.C. 2929.12, and sentenced Ford within the permissible range.  Moreover, and as conceded by Ford, the trial court made the required findings before ordering Ford's sentences to be served consecutively.

{¶ 11}   We also find that the trial court's findings are supported by the record, even when considering Ford's mental health issues and unfortunate past.  The facts recited by the state, and accepted by Ford, indicate that he broke into his victim's apartment and punched her with such force and so repeatedly in the face that it broke her nose and her injuries could still be seen over a month later.  Ford then forced the victim to perform oral sex upon him, followed by vaginal intercourse.

{¶ 12}   Ford committed his crimes after he had been convicted of attempted rape and kidnapping.  The record indicates that Ford's past convictions were predicated upon Ford grabbing a woman while she was jogging and restraining her liberty in his pickup truck.  He then sexually assaulted the jogger while holding her in his truck.  After his release from prison for these sexual crimes, Ford committed the current rape, aggravated burglary, and felonious assault – all while on postrelease control for failure to notify change of address.

{¶ 13}   These facts support the trial court's findings that consecutive sentences are needed to protect the public from Ford's future crimes, that consecutive sentences are not

disproportionate to the seriousness of Ford's crimes, and consecutive sentences are appropriate given Ford's history of criminal conduct. Having found that Ford's sentence was proper, we overrule his single assignment of error.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.